**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DOMINIC ALEX YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00821-DDN |
| | ) |
| JESSICA UNKNOWN and | ) |
| KENNY WILKES, | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Dominic Alex Young's application to proceed in the district court without prepayment of fees and costs. For the reasons stated below, plaintiff's application will be granted. Additionally, the Court will (1) order the Clerk of Court to issue process on defendant Nurse Jessica Unknown, and (2) dismiss without prejudice defendant Kenny Wilkes.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a document titled "Simple Main Balance Trans Details" from the St. Charles County Jail for the time period June 23, 2022 through July 18, 2022. Based on this financial information, it appears that plaintiff maintains a minimal balance at the St. Charles County Jail. The document does not clearly identify deposits, and therefore the Court cannot calculate plaintiff's average monthly deposits. The Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

At all times relevant to the complaint, plaintiff was a pretrial detainee at the St. Charles County Jail in St. Charles, Missouri. Plaintiff brings this case under 42 U.S.C. § 1983 against defendants Jessica Unknown (Nurse, St. Charles County Jail) and Kenny Wilkes (Medical Director, St. Charles County Jail) alleging deliberate indifference to plaintiff's serious medical need in violation of the Eighth Amendment. Plaintiff sues defendant Jessica in her individual capacity but does not indicate in what capacity he sues defendant Wilkes.

Plaintiff states that on July 13, 2022 defendant Jessica punctured plaintiff's ear drum, causing it to rupture and become infected. Plaintiff states Jessica did not treat plaintiff's ruptured ear drum. He also alleges a loss of hearing in that ear arising out of the untreated puncture that he fears may become permanent. Plaintiff states that he suffered with his untreated and ruptured ear drum for more than three days despite his cries for medical attention. When his ear was finally treated, plaintiff was put on antibiotics for the infection and over-the-counter pain relievers for the pain.

For relief, plaintiff seeks $500,000 in actual damages and $2 million in punitive damages. He seeks punitive damages "because they tried to cover it up like nothing ever happened and I'm entitled to this amount because I can't hear and now live in fear of never hearing again."

## Discussion

As a pretrial detainee, plaintiff's constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Plaintiff alleges defendant Jessica punctured his eardrum and tried to cover it up by neglecting plaintiff's cries for medical attention for more than three days. He alleges he cannot hear and fears that he might never hear again. After carefully reviewing and liberally construing the complaint, the Court concludes that plaintiff has stated a plausible claim of deliberate indifference against defendant nurse Jessica Unknown in her individual capacity. For this reason, the Court will order the Clerk to issue process on this defendant.

Plaintiff's allegations against defendant Wilkes, however, are subject to dismissal. Plaintiff has not indicated on his complaint form whether he is suing Wilkes in his individual capacity, official capacity, or both. Because plaintiff's complaint is silent about the capacity in which the defendant is being sued, the Court must interpret it as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); *see also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Thus plaintiff's official capacity claims against defendant Wilkes must be dismissed.

Ordinarily, the Court would allow plaintiff to amend his complaint to allege that he brings his claims against Wilkes in his individual capacity. However, even if the Court were to assume plaintiff would amend his complaint to bring his claims against Wilkes in his individual capacity, the claims are still subject to dismissal. Plaintiff's only allegation against Wilkes is as follows: "[Nurse Jessica] did the harm and didn't do anything to correct the error, which caused me to be infected and the medical director [Wilkes] has yet to do anything at all." From these facts, the Court cannot find it plausible that Wilkes violated plaintiff's constitutional rights. Plaintiff does not allege Wilkes knew of plaintiff's injury. To allege an Eighth Amendment violation, plaintiff must allege that Wilkes actually knew of but disregarded plaintiff's serious medical need. *See*

*Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). Because plaintiff has made no allegation that defendant Wilkes knew of plaintiff's serious medical need, the Court will dismiss defendant Wilkes without prejudice under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Jessica Unknown, a nurse at the St. Charles County Jail, by serving her at the St. Charles County Jail at 301 North Second Street, St. Charles, Missouri 63301.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's claims brought against defendant Kenny Wilkes are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 2nd day of November, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE